IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CHARLES PAUL SOROKA,

        Petitioner,

v.


CHARLES DANIELS, Warden,
Federal Correctional
Institution, Sheridan,
Oregon,

        Respondent.

CV 06-841-MA

OPINION AND ORDER


STEPHEN R. SADY
Chief Deputy Federal Defender
101 SW Main St, Suite 1700
Portland, OR 97204
(503) 326-2123

        Attorney for Petitioner


1- OPINION AND ORDER

KARIN J. IMMERGUT
United States Attorney
SCOTT ERIK ASPHAUG
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1008

   Attorneys for Respondent

MARSH, Judge.

  This matter is before the Court on petitioner Soroka's
Petition for Writ of Habeas (#1) pursuant to 28 U.S.C. § 2241.
For the following reasons, the court GRANTS the Petition.

  Petitioner pleaded guilty to three counts of bank robbery
and, in September 2004, was sentenced to 63 months imprisonment.
The court ordered petitioner to pay restitution to the victimized
banks in the amount of $7,980.00 pursuant to the Mandatory
Victims Restitution Act (MVRA), 18 U.S.C. § 3664.  Specifically,
as part of the Judgment, the court imposed the following
conditions relating to the schedule of restitution payments
during the period of supervised release:

> Restitution is due and owing in full; If
> there is any unpaid balance <u>at the time of</u>
> <u>defendant's release from custody</u>, it shall be
> paid at the maximum installment possible and
> not less than $50.00 per month.

<u>See</u> Schedule of Payments - Supervised Release, ¶ D (emphasis
added).

  The court also provided for restitution payments while
petitioner remained imprisoned:

2- OPINION AND ORDER

> Unless the court has expressly ordered
> otherwise in the special instructions above,
> if this judgment imposes a period of
> imprisonment, <u>payment of criminal monetary
> penalties shall be due during the period of
> imprisonment</u>.  All criminal monetary
> penalties, <u>except those payments made through
> the Federal Bureau of Prisons' Inmate
> Financial Responsibility Program</u>, are made to
> the clerk of the court . . . .

<u>Id</u>.  (Emphasis added).

After his term of imprisonment began in September 2004, petitioner entered into an agreement with BOP to pay $25.00 per quarter under the Bureau of Prisons' voluntary Inmate Financial Responsibility Program (IFRP) towards repayment of the restitution penalty.  That amount was later increased to $50.00 per quarter.  In May 2006, petitioner changed his mind and refused to make further restitution payments during his incarceration.  As a result, BOP placed petitioner in "IFRP Refuse" status, and has since imposed a number of sanctions against him based on his failure to agree voluntarily to make restitution payments for the remainder of his imprisonment.

Petitioner's habeas claim is limited to the proposition that, under <u>U.S. v. Gunning</u>, 401 F.3d 1145 (9th Cir. 2005) (Gunning II), decided after his sentence was imposed, only the court has the authority to set a schedule of restitution payments while petitioner is in prison and that authority cannot be delegated to BOP.  <u>See also</u> <u>U.S. v. Gunning</u>, 339 F.3d 948 (9th Cir. 2003) (Gunning I)(the court may not delegate the

scheduling of restitution payments to the Probation Office).
Petitioner does not challenge the constitutionality of the MVRA
or BOP's authority, generally, to use the IRFP to collect fines
or restitution assessed against him by the court while he is
incarcerated, as long as the monthly schedule of payments is set
by the court, not BOP.

Accordingly, petitioner seeks an order vacating BOP's
decision to place him in "IFRP Refuse" status, vacating BOP's
sanctions imposed against him, and restoring him "to the position
he would have been but for BOP's wrongful actions."

Respondent argues Gunning II is distinguishable because
petitioner's restitution was "due and payable immediately and
petitioner "has the choice whether to make any payments at all
while he is incarcerated."

I disagree.  In this case, as in Gunning II, the sentencing
court did not establish a specific schedule of restitution
payments to be collected by BOP while petitioner was serving his
prison sentence.  BOP's action in doing so under the IFRP,
therefore, was unlawful.  Accordingly, I conclude the imposition
of sanctions against petitioner for his failure to acquiesce in
BOP's IFRP restitution payment schedule for petitioner was not in
accordance with law.  5 U.S.C. § 706(2)(a)(agency actions will be
upheld unless they are "arbitrary, capricious, an abuse of
discretion, or otherwise not in accordance with law.").

4- OPINION AND ORDER

**CONCLUSION**

For these reasons, the court GRANTS petitioner's Petition for Writ of Habeas Corpus (#1), and ORDERS BOP to vacate its decision to place him in "IFRP Refuse" status, to vacate all sanctions it imposed against him, and to restore petitioner to the position he would have been but for BOP's decision to place him in "IFRP Refuse" status.

IT IS SO ORDERED.

DATED this 5  day of December, 2006.


     /s/  Malcolm F. Marsh     
MALCOLM F. MARSH
United States District Judge

5- OPINION AND ORDER